### KAVANAGH v. OMAHA LIFE ASS'N.

(Circuit Court, N. D. Illinois, N. D. December 13, 1897.)

1. CORPORATIONS—CONSOLIDATION—LIABILITY FOR CONTRACTS.

A foreign corporation which has attempted to consolidate with an Illinois corporation does not thereby become liable at law for the latter's debts, since there is no statutory authority for such consolidation.

2. SAME.

Rev. St. Ill. 1897, c. 32, § 65, which provides that, in case of consolidation of corporations, the consolidated company shall be liable for the debts of the original companies, does not itself authorize consolidations, and only applies to cases of consolidation otherwise authorized. American Loan & Trust Co. v. Minnesota & N. W. R. Co., 42 N. E. 153, 157 Ill. 641, followed.

At Law. On demurrer to declaration.

Assumpsit by Nellie Kavanagh against the Omaha Life Association.

K. M. Landis, for plaintiff.
Wm. A. Ball, for defendant.

GROSSCUP, District Judge (orally). The action is to recover on a policy of $2,000, issued by the Life Mutual Association, a corporation of Illinois, upon the life of Kavanagh. The declaration, in effect, sets forth the issuance of the policy, its performance by the insured during his lifetime, his death, and the consequent maturing of the policy as against the Mutual Association of Illinois. It further charges that, subsequent to the death of the defendant, the Omaha Life Association, a corporation under the laws of Minnesota, consolidated with the Illinois corporation. The second count of the declaration, averring all the other particulars, except the fact of consolidation, avers the obtaining of amended articles of incorporation by the Minnesota corporation, whereby it was authorized to assume the risks and reinsurance of other life insurance companies, corporations, associations, etc., and avers also the transference, in pursuance of the amended articles, of the membership of the Illinois Association to the Minnesota Association.

There is no statute of the state of Illinois expressly authorizing the consolidation of a domestic corporation with a foreign corporation. On the contrary, in those provisions of the statute relating expressly to consolidation there is a prohibition against the consolidation of a domestic with a foreign corporation. Section 65, c. 32, Rev. St. Ill. 1897 (passed in 1867), provides that, in all cases when

any company or corporation chartered or organized under the laws of this state shall consolidate its property, stock, or franchises with any other company, such consolidated company shall be liable for all the debts of each company included in the consolidation. The supreme court of Illinois, in construing this section (American Loan & Trust Co. v. Minnesota & N. W. R. Co., 157 Ill. 641, 42 N. E. 153), ruled that this section does not, either expressly or impliedly, authorize consolidations, and is meant only to fix liability in case of consolidations otherwise authorized. There is therefore in this state no law authorizing the consolidation of the two insurance companies. But the defendant in this case is not liable to the complainant except by virtue of its own contract, assuming liability, or by virtue of some law of the land imposing the same. There is no averment of a contract in the declaration, and there can be no statutory liability unless there has been a legal consolidation. Manifestly, section 65 relates only to lawful consolidations. Inasmuch as there can be no legal consolidation without statutory authority so to do, and there is no statutory authority to consolidate a domestic with a foreign corporation, there is, by virtue of section 65, no legal liability imposed upon the defendant. In a court of law, therefore, the declaration makes out no case against the defendant. It is true that associations of this character have no assets, except the membership, upon whom assessments can be levied; and that the transfer of such membership, after the maturing of a policy, is, in effect, the transference of the source out of which the policy alone can be paid. The plaintiff, having recovered judgment against the Illinois corporation, may have a remedy in equity against the transferred asset or assessable membership; but that, on the motion under consideration, is not pertinent. The demurrer to the declaration will be sustained.