GORDON v. AMERICAN PATRIOTS OF SPRINGFIELD, ILL.

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1911. On Rehearing, Dec. 2, 1911.)

1. CORPORATIONS (§ 690*)—CONSOLIDATION—STATUTORY AUTHORITY.

Corporations created by different states may not consolidate, unless the power to do so is expressly conferred by their charter or by the charter of one of them, or by some other statute.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2672; Dec. Dig. § 690.*]

2. CORPORATIONS (§ 690*)—CONSOLIDATION—STATUTORY AUTHORITY.

Where two corporations created by different states attempt to consolidate without any statute authorizing consolidation, the attempted consolidation is a nullity, and does not create a de facto corporation by user, and the new corporation is not liable for the obligations of either of the corporations joining in the attempted consolidation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2672; Dec. Dig. § 690.*]

3. INSURANCE (§ 705*)—MUTUAL BENEFIT INSURANCE—LIABILITY—ESTOPPEL.

An Illinois mutual benefit society authorized by the laws of Illinois to issue certificates for death or disability benefits, and prohibited from diverting the fund for any other purpose, attempted to consolidate with a Missouri mutual benefit society; but there was no statute of either state authorizing the consolidation. A member of the Missouri society knew the facts before he made payments of assessments to the consolidated society. *Held*, that the consolidated society was not estopped from relying on the illegality of the consolidation and from denying liability on the certificate issued to the member.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1840; Dec. Dig. § 705.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Robert L. Gordon against the American Patriots of Springfield, Illinois. From a judgment for defendant, plaintiff appeals. Affirmed.

R. S. Neblett, R. R. Owen, and J. M. Blanding, for appellant. McClellan & Prince, for appellee.

BOOKHOUT, J. The American Benevolent Association was a fraternal order incorporated under the laws of the state of Missouri for the purpose of "providing for relief and aid of members and their families, heirs, blood relatives, affianced wives or affianced husbands, widows, orphans and dependents of deceased members, and by assisting such as may be sick or disabled from the proceeds of assessments of the members of the association, and to that end to issue to members beneficial certificates payable at such times and in such manner as shall be provided in the certificates of membership and these by-laws." Only persons of white parentage, males from 18 to 55, inclusive, of good moral character, in sound bodily health with no maim or defect calculated to shorten life or render it more uncertain, and capable of earning a livelihood by complying with the by-laws and regulations of the order on making application on blanks furnished by the order and after being elected and initiated in accordance with the laws, rules, and regulations of the order, were eligible to membership. For such purpose, above set forth, by a judgment of the circuit court of St. Louis, state of Missouri, at the June term, A. D. 1894, to wit, on September 3, 1894, the said American Benevolent Association was incorporated, and such decree and the said constitution and by-laws were filed with the Secretary of State of Missouri on September 6, 1894, as the charter of said American Benevolent Association.

Under above charter provisions and decree of court, the American Benevolent Association was authorized by law to issue only to male persons fraternal insurance based on assessments. The American Benevolent Association issued to appellant, who was 61 years old, a certificate providing for a surrender value as in ordinary life insurance, and appellant scaled the benefits thereunder 30 per cent., thus admitting he was entitled to only 70 per cent. of the full benefit. The American Benevolent Association issued two kinds of certificates, to wit: (1) The ordinary fraternal certificate carrying the benefits authorized by its charter; and (2) a certificate carrying a surrender value as in ordinary life insurance. The certificates providing for ordinary fraternal benefits composed the general membership of the American Benevolent Association, and were issued under legal authority; the certificates carrying a surrender value as in ordinary life insurance composed a class membership, and were issued contrary to the charter rights of the association. This class membership covered policies calling for a surrender value of $1,000 Class A; a surrender value of $750 Class B; a surrender value of $500 Class C; a surrender value of $250 Class D. The funds arising from the members holding these class certificates were kept separately, and disbursed separately from the funds arising from the general membership, and collected and disbursed only for holders of the class certificates. Appellant holds a Class A certificate issued by the American Benevolent Association and is headed "Class A," and by its terms provides that appellant "is entitled to the benefits prescribed applicable to 'Class A,' * * * and that the General Assembly of the American Benevolent Association agrees to pay out of the beneficiary fund applicable to the above-named class." So that by his very contract he constituted himself a member of Class A, and agreed to look only to the fund ap-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

plicable to Class A. Appellant's policy was issued August 20, 1895, and Adelaide Victoria Louisa Gordon, appellant's sister, was made beneficiary. Appellant brings this suit for the surrender value of said policy under section 20 thereof, which reads: "Benefit for Old Age.—Any member who shall have paid all monthly assessments for a term of ten consecutive years, may upon giving the secretary ninety days' notice, have the right to withdraw from the order upon the proper application and surrender of his benefit certificate, and shall be entitled to receive within 90 days thereafter his or her equitable interest in the benefit reserve fund, but not to exceed on Class A, $1,000.00; Class B, $750.00; Class C, $500.00; Class D, $250.00 (as shown in table of benefits) less any benefits advanced, and by the payment of $2.00 may renew his or her certificate in the same class and continue his or her membership in the association, or may continue payment of monthly assessments, and in case of sickness or accident be entitled to receive weekly benefits, and on the member's death the beneficiary shall receive the amount due at that time under the conditions of this certificate." By the terms of this section any member who has paid premiums 10 consecutive years can claim the surrender value irrespective of such member's age. If a person became a member at 18, he could by paying 10 consecutive years claim the surrender value at 28, if he complied with other conditions. Such provision is manifestly a surrender value clause as in ordinary life insurance, and not a benefit for members who have reached 70 years and are physically disabled. The appellant does not claim same because of his age and physical disability, because the evidence shows he is not physically disabled, but his claim rests on the payment of 10 consecutive premiums. The date at which appellant could have demanded the surrender value of his certificate was 10 years after its date, or August 20, 1905. He never made any demand at that date. He never surrendered his certificate at that date or any other time. The only demand ever made was August 20, 1907, two years after the option accrued and after the consolidation hereinafter mentioned. The American Patriots is a fraternal order incorporated under the laws of Illinois, for the purpose of providing indemnity for its members carrying benefit certificates against disability or death. Under the fraternal insurance laws of Illinois (Hurd's Rev. St. 1909, § 258 et seq.), a fraternal beneficiary society can only make provision for the payment of benefits in case of disability and death, or of either, and to pay the benefits may create a reserve fund; but no part thereof shall be used for expenses or for any purpose except the payment of death and disability claims, and membership in such societies is confined to persons under 60 years of age.

Said laws of Illinois further provide (section 270) that: "Any person who shall have violated any of the provisions of the act relating to fraternal beneficiary societies shall be subject to a fine of not less than $25.00 nor more than $500.00, or by imprisonment in the county jail for not less than 30 days nor more than one year or by both fine and imprisonment." The laws of the state of Missouri were not proved in this case, so that the presumption exists that such laws are the same as the laws of Texas.

On August 19, 1907, the above two mentioned fraternal orders entered into a contract of consolidation; the first mentioned society having a membership of 7,000 and the latter 5,500. Of the 7,000 members of the American Benevolent Association, only 11 held Class A certificates calling for surrender value. At that date there were no funds in Class A, and none turned over to appellee. At that time the appellant had made no demand for his surrender value. At that time the period at which he could have demanded the surrender value had passed two years. After the consolidation took place, the appellee sent to the appellant on August 27, 1907, to be attached to his policy, the following rider: "In consideration of the contract of consolidation by and between the American Patriots of Springfield, Illinois, and the American Benevolent Association, of St. Louis, Missouri, the American Patriots hereby assumes and agrees to pay the benefits promised in certificate No. 4,410 issued to R. L. Gordon by the American Benevolent Association; provided that the member is in good standing at the date of death or disability insured against." And on same date wrote appellant, in which, among other things, it said: "Inclosed herewith we hand you a rider which shows that the American Patriots assumes and agrees to pay the death benefit, the accident benefits, and health insurance which your certificate provides for. Please attach this rider to your policy." This was two years after the surrender value expiration, and no promise is made to pay any surrender value, but only such benefits as a fraternal beneficiary society could pay under the law are promised by such rider and letter. Under this letter promising only legal benefits from death or disability, the appellant attached the rider to his policy. On September 9, 1907, the appellant wrote appellee as follows: "On 20th of last month I notified American Benevolent Association that there was $1,000.00 due me on my policy No. 4,410 A for old age benefit. It seems they are too busy with your company to take notice of it. I now notify you that I want it paid." In answer to which, the appellee wrote appellant, on September 14, 1907, that there were no funds in Class A, and, among other things, said: "The fact is neither the laws of this state nor the laws

of Missouri under which the American Benevolent Association did business will permit a fraternal society to pay surrender values. Hoping you will continue your insurance in force by making your regular monthly payments as heretofore, I am," etc.

Assessments were due by appellant on the 15th of each month. The one due August 15, 1907, was paid before consolidation to American Benevolent Association. The first assessment due after consolidation was on September 15, 1907. Before this first assessment was paid, appellant had demanded the surrender value as shown by his letter of September 9th, and had been notified by letter that the rider covered only death, accident, and health benefits, and that there were no funds in his class and no law authorizing the payment of a surrender value, and requesting appellant to continue his fraternal insurance. After these letters, appellant made no further reply, but continued to pay his assessments for a few months, and then forfeited his policy by nonpayment and was suspended for nonpayment of dues.

At the close of the testimony the court instructed a verdict for defendant.

Under the facts, as stated above, the appellee urges, among others, the following defenses in bar of appellant's right to recover any surrender value on the certificates sued on, to wit: (1) The American Benevolent Association was organized as a corporation under the laws of Missouri, and the American Patriots was organized under the laws of Illinois, and their consolidation was illegal, ultra vires, and void. (2) Section 20 of the certificate sued on, under which appellant brings this suit, provides for a surrender value as in ordinary life insurance, and such section is illegal, against public policy, and void, because fraternal beneficiary associations are inhibited by law and public policy from payment of surrender values, and a payment of such out of funds raised by assessment for death or disability benefits would be an illegal diversion of funds subjecting the person paying same for the society to a criminal prosecution. The defense first above set out must be sustained.

[1] Neither the charter nor the laws of Missouri under which the American Benevolent Association was chartered and organized, nor the laws of the state of Illinois, under which the American patriots of Springfield, Ill., was chartered and organized, authorized these two companies to consolidate. These corporations having been created by different states, they did not have the power to consolidate, unless such power was expressly conferred by their charter, or the charter of one of them, or by some other statute. As was said by Judge Neill in the case of Whaley v. Bankers' Union of the World, 39 Tex. Civ. App. 388, 88 S. W. 261: "Corporations have no power to consolidate unless the power is expressly conferred by their charter, or by the charter of one of

them, or by some other statute, and the consolidation must be effected in compliance with the terms of the statute. And, when corporations are created by different states, as were those involved in this case, they can only consolidate under concurrent legislation of each state; but in such a case, since the laws of the state have no extraterritorial effect, and cannot create or aid in creating a corporation in another state, there is, in law, a separate and distinct corporation in each state when corporations are consolidated by virtue of concurrent legislation. When a consolidation of corporations has been attempted, but the result of the proceedings, through some defect or want of power, has not been a corporation de jure, the rights and obligations accruing will be determined by ascertaining whether a de facto corporation has been formed. Unless a consolidation statute in force at the time of the proceedings authorized the proposed consolidation, the result was a nullity, even if there was an attempt in good faith to consolidate, followed by an assumption of corporate powers. American Loan, etc., Co. v. Minnesota, etc., Ry. Co., 157 Ill. 641, 42 N. E. 153. An attempt to do that which the law does not permit can produce no result that the law will recognize. A body which cannot become a corporation de jure cannot become a corporation de facto. The mere user of corporate powers which might have been lawfully acquired, without a bona fide attempt to acquire them by forming a consolidation, does not create a consolidated corporation de facto, nor does an attempt to organize without user have that effect. An attempted consolidation, when no statute authorizes consolidation, is a nullity; and the corporate existence of a nominally consolidated corporation, formed in the absence of legislative authority for such consolidation, may be collaterally attacked, its acts and contracts are void, and it cannot be held liable for the debts of one of the corporations attempting to consolidate." See, also, Bankers' Union v. Crawford, 67 Kan. 449, 73 Pac. 79, 100 Am. St. Rep. 465; Am. Loan Ass'n v. Railway Co., 157 Ill. 641, 42 N. E. 153; Kavanagh v. Omaha Life Ass'n (C. C.) 84 Fed. 295.

[2] It follows, under the holding in the cases cited, the attempted consolidation in the instant case was a nullity, and the American Patriots did not, by virtue of the attempted consolidation, become liable for the debts of the American Benevolent Association.

[3] It is insisted by appellant that, though the consolidation of the two societies was illegal, and though the certificate sued on is illegal, the appellee cannot defeat this suit on that ground, but is estopped by having collected some assessments from the appellant after consolidation. Under the laws of Illinois any agreement, attempt, promise, or undertaking to divert the fund derived from

assessments of its members for death and disability benefits to the payment of a profit or surrender value on any certificate is illegal and void and subject to punishment under the law. Under the contract of consolidation and the provisions of the rider sent appellant by appellee, and under the terms of the letter accompanying said rider, which must be construed with it, the appellee only assumed the death and disability benefits in the certificate sued on, and did not assume any surrender value of said certificate. As stated, the laws of Illinois allowed the issuance of certificates, only, for death or disability benefits and forbade, under penalty, the diversion of the fund collected to pay the same to any other purpose. The appellant was informed of these facts before payment of the assessments to appellee. It is clear, under these facts, that the appellee was not estopped by having collected some assessments from appellant after the consolidation.

Finding no error in the record, the judgment is affirmed.

## On Rehearing.

The appellant has filed a motion for rehearing in this case, wherein vigorous complaint is made of our findings of fact as to the nature and character of the policy held by him in the American Benevolent Association and his rights thereunder. The American Benevolent Association is not a party to this suit, and we are not called upon to determine what appellant's rights are as against that company. The question presented by the appeal was whether by its consolidation with the American Patriots of Springfield, Ill., that company was liable on a policy issued to appellant by the American Benevolent Association. We held that the act of consolidation was illegal, and that appellee did not, by virtue thereof, become liable for the debts of the American Benevolent Association. We further held that appellee was not, under the facts, estopped from denying liability on appellant's policy. These holdings make the findings as to the character and rights of appellant as against the American Benevolent Association immaterial.

The motion for rehearing is overruled.